IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

Nathaniel Simmons,                                )
                                                  )       C.A. No. 0:19-0317-HMH-PJG
                        Plaintiff,                )
                                                  )
        vs.                                       )       **OPINION & ORDER**
                                                  )
Charles Williams; Thomas Robertson;               )
Alyson Gladwell; Stephanie Marshall;              )
Stanley Terry; Clarissa Jones; Juanita Moss;      )
Bell; Myers; Beard; Willie F. Smith;              )
Sherman L. Anderson; Jennifer Franklin;           )
Shakira Williams; Michelle Chambers;              )
Tim E. Rogers; Deborah Richter;                   )
Victoria Norman; Ashley Maddox; Cynthia           )
Darden; Kennard Dubose; Bryan P.                  )
Stirling,                                         )
                                                  )
                        Defendants.               )


        This matter is before the court with the Report and Recommendation of United States

Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local

Civil Rule 73.02 of the District of South Carolina.[1]  Nathaniel Simmons ("Simmons"), a state

prisoner proceeding pro se, alleges claims under 42 U.S.C. § 1983 for violations of his

constitutional rights.

---

[1]  The recommendation has no presumptive weight, and the responsibility for making a
final determination remains with the United States District Court.  See Mathews v.
Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo
determination of those portions of the Report and Recommendation to which specific
objection is made.  The court may accept, reject, or modify, in whole or in part, the
recommendation made by the magistrate judge or recommit the matter with instructions.
28 U.S.C. § 636(b)(1).

Magistrate Judge Gossett filed her Report and Recommendation on April 19, 2019, and recommended dismissal of the complaint for failure to state a plausible claim for relief. (R&R, generally, ECF No. 18.) After receiving no objections, the court adopted the Report and Recommendation in an order dated May 13, 2019. (May 13, 2019 Order, ECF No. 22.) On May 16, 2019, the court received Simmons' motion for extension of time to file objections to the Report and Recommendation. (Mot. Ext., ECF No. 26.) In an abundance of caution, the court granted Simmons' motion and extended the deadline to file objections. (May 17, 2019 Text Order, ECF No. 27.) Simmons filed timely objections on May 31, 2019.[2] (Obj., generally, ECF No. 29.) Simmons also filed a motion to amend the complaint. (Mot. Amend, ECF No. 30.) Therefore, the court's May 13, 2019 order adopting the Report and Recommendation is hereby vacated, and the court now considers Simmons' objections and motion to amend.

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Simmons' objections are non-specific, unrelated to the dispositive portions of the Report, or merely restate his claims. However, the court was able to glean one specific objection. Simmons objects to the magistrate judge's

_____

[2] Houston v. Lack, 487 U.S. 266 (1988).

2

conclusion that his amended complaint did not cure the deficiencies previously identified by the court.  (Obj. 1, ECF No. 29.)

On March 6, 2019, the magistrate judge allowed Simmons twenty-one days to amend his complaint because the original complaint did not contain any facts about the named defendants that would show they had any involvement in the purported constitutional violations.  (Mar. 6, 2019 Order 1, ECF No. 9.)  Simmons filed an amended complaint on March 28, 2019.[3]  (Am. Compl., ECF No. 12.)  Magistrate Judge Gossett recommends dismissing this action for failure to state a claim because the amended complaint was duplicative of the original complaint.  (R&R 2, ECF No. 18.)  In his objections, Simmons asserts that the amended complaint cured the deficiencies identified by the court. (Obj., ECF No. 29.)  However, the amended complaint is almost identical to the original complaint and does not identify any additional facts supporting his claims for relief.  (Am. Compl., generally, ECF No. 12.)  Thus, Simmons' objection is without merit.

Additionally, Simmons filed a motion to amend.  However, Simmons again fails to present any facts regarding the Defendants' actions that would support his claims for relief. Instead, the proposed second amended complaint, which is Simmons' third attempt to amend, is almost identical to the original and amended complaints and merely contains conclusory statements alleging liability.  (Mot. Amend Attach. 1 (Proposed Am. Compl.), ECF No. 30-1.) Accordingly, Simmons has not cured the previously identified deficiencies, and the court denies Simmons' motion to amend.  See In re PEC Solutions, Inc. Sec. Litig., 418 F.3d 379, 391 (4th Cir. 2005) ("Leave to amend need not be given when amendment would be futile.").

---

[3] Id.

3

After a thorough review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge Gossett's Report and Recommendation and incorporates it herein. It is therefore

**ORDERED** that the previous order adopting the Report and Recommendation, dated May 13, 2019, docket number 22, is vacated. It is further

**ORDERED** that this matter is summarily dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and § 1915A(b)(1) for failure to state a claim upon which relief can be granted, and without issuance of service of process. It is further

**ORDERED** that Simmons' motion to amend, docket number 30, is denied.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
June 4, 2019

**NOTICE OF RIGHT TO APPEAL**

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.